KEYS & MCKNIGHT V. JOHN BALDWIN.

1. When evidence was erroneously excluded, which, if admitted, would render the verdict of the jury contrary to the evidence, a new trial should have been granted on the motion of the party cast; and this court will hold the overruling of the motion to be error.

2. Plaintiff sued for a wagon or its value, claiming to have bought it from C., who was since deceased. Defendants purchased it from the widow of C., since his decease, and offered her testimony to prove that the pretended purchase by the plaintiff was never consummated. *He'd*, that she was a competent witness, and it was error to exclude her testimony on the ground of interest.

APPEAL from Wood. Tried below before the Hon. Z. Norton. The facts are sufficiently disclosed in the opinion of the court.

*S. P. Donley*, for the appellants.

No brief for the appellee.

WALKER, J.—This was an action brought by the plaintiff to recover one large ox wagon or its value.

He alleges that he purchased the wagon on or about the thirteenth day of December, 1867, of one Coy, and that the defendants were wrongfully in possession of it.

It appears that shortly after the alleged purchase Coy died, that the wagon remained in his possession until the time of his

death, and after his decease his wife traded it to the defendants, Keys & McKnight. The jury found a verdict for the plaintiff in the snm of one hundred and twenty dollars.

The evidence is very conflicting and does not show that Baldwin ever purchased the wagon from Coy in his lifetime. And if the evidence of Mrs. Coy, as given in her answers to the fourth and fifth interrogatories propounded to her, and the evidence of Wade Hampton Claunch had been permitted to go to the jury, then the verdict would certainly have been against the weight of evidence. We think the court erred in ruling out a portion of this evidence.

What Coy may have said to Claunch about the wagon trade, in the absence of Baldwin, was not evidence; but what he knew, or professed to know of the transaction between Baldwin and Coy, aside from what Coy had said to him, was evidence, and should have gone to the jury. Mrs. Coy may have entertained some feeling that would have led her to support appellant's title to the wagon, but she had not such an interest in the suit between these parties as to disqualify her as a witness.

The evidence offered by the plaintiff below at best only proves a part payment for the wagon, oxen, sheet and chains. It appears that there was a settlement pending between Baldwin and Coy; that Baldwin held notes against Coy.

The plaintiff's witness, Wm. Byram, says that Coy was owing plaintiff over two hundred dollars; that Coy sold Baldwin the property for two hundred and forty dollars; that no money was paid, but that Baldwin delivered to Coy two notes, in part payment of the two hundred and forty dollars; that he did not see the face of the notes, and does not know what amount they were given for; that Baldwin took away the steers, chains and wagon sheet at the time, but left the wagon in Coy's possession.

The evidence of this witness is that principally relied upon by the appellee, Baldwin, and it is contradicted—for it is very conclusively proven that after the death of Coy, Baldwin, in company

with the sheriff, took the wagon, sheet and chains from the possession of the widow of Coy.

The evidence does not establish a sale and delivery of this property to Baldwin.

The verdict of the jury was, then, contrary to law, and the court should have granted the defendants a new trial upon their motion.

We think there was error in excluding the evidence of the witnesses, Mrs. Coy and W. H. Claunch.

The judgment of the district court is reversed and the cause remanded.

                                        Reversed and remanded.